UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
APR 1 3 2005
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

NATHANIEL KEITH SINGLETON, #716045 §
§
V. § CIVIL ACTION NO. G-02-255
§
LT. RENARD SWEET §

### REPORT AND RECOMMENDATION

Plaintiff Nathaniel Keith Singleton, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that Defendant Sweet slammed him to the floor when he objected to being strip-searched, injuring his head and shoulder. Defendant filed a Motion for Summary Judgment claiming he is entitled to qualified immunity. Defendant submitted no summary judgment evidence. Having reviewed the instant complaint, this Court makes the following recommendation to the District Judge.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and

1

must 'take reasonable measure to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Under the Eighth Amendment, a correctional officer's use of excessive force against a prisoner may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1 (1992). The Fifth Circuit has instructed the courts in this circuit to consider five factors in analyzing excessive use of force claims: (1) "the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response." *Hudson v. McMillan*, 962 F.2d 522, 523 (5th Cir. 1992).

Plaintiff alleges that Defendant Sweet used excessive force against him by slamming him to the ground when he objected to removing his clothing for religious reasons. Defendant Sweet seeks summary judgment on the basis of the doctrine of qualified immunity. "The doctrine of qualified immunity serves to shield...government officials from civil liability for damages based upon the performance of discretionary functions if the officials' acts were objectively reasonable in light of then clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The bifurcated test for qualified immunity asks whether the Plaintiff has alleged a violation of a clearly established right and, if so, whether the Defendant's conduct was objectively unreasonable." *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). Thus, when a Defendant files a motion for summary judgment raising the defense of qualified immunity, a court must first determine whether the facts, "taken in the light most favorable to the party asserting the injury,"

establishes that the Defendant officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

If the Plaintiff has established the violation of a constitutional right, a court must then determine whether the right was "clearly established at the time of the incident; and, if so, whether the conduct of the Defendant was objectively unreasonable in light of that then clearly established law." *Palmer v. Johnson*, 193 F.3d at 351. This second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition..." *Saucier v. Katz*, 533 U.S. at 201.

The Court has considered the Defendant's Motion for Summary Judgment and the Plaintiff's response and is of the opinion that genuine issues of material fact exist as to reasonableness of the force used against Plaintiff by Defendant Sweet. It is, therefore, the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment be DENIED.

The Clerk shall send a copy of this Report and Recommendation to the parties, who shall have until **April 28, 2005**, in which to have written objections physically on file in the Office of the Clerk. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 13th day of April, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

3