IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| NATHANIEL KEITH SINGLETON | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-02-255 |
| | § | |
| LT. RENARD SWEET, ET AL. | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Renard Sweet's Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Plaintiff has filed no response to Defendant's Motion. The Court, having considered the Motion and reviewed the Complaint of Plaintiff, now submits this Report and Recommendation to the District Court.

Plaintiff filed this suit alleging that Defendant Sweet violated his constitutional right to be free from excessive use of force on January 9, 2002. Defendant asserts that Plaintiff stated in his original complaint that he did not exhaust both steps of the administrative grievance process. Defendant undertook a review of Plaintiff's entire grievance record file and could find no evidence that Plaintiff had exhausted his administrative remedies with respect to his claims against Sweet.

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions .... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." [T]he PLRA's exhaustion requirement applies to all inmate suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). "Absent a valid defense to the exhaustion requirement," ... the Fifth Circuit has

determined the "statutory requirement enacted by Congress that administrative remedies be exhausted before the filing of suit should be imposed." *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998).

Plaintiff has raised no valid defense for failing to exhaust his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir. 2001) (holding that the exhaustion requirement "is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling"). Accordingly, it is the **RECOMMENDATION** of this Court that Defendant's Motion to Dismiss (Instrument no. 38) be **GRANTED** and this cause be **dismissed without prejudice for failure to exhaust administrative remedies.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **August 8, 2005** in which to have written objections **physically on file** in the Office of the Clerk. If Plaintiff has physical evidence that he did, in fact, exhaust administrative remedies in this cause only, he must include the evidence, or copies of the evidence, with his objections. The objections and evidence shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___19th___ day of July, 2005.

_____
John R. Froeschner
United States Magistrate Judge